THE CITY OF EL DORADO v. FRANCIS DRAPEERE.

No. 158.

1. NEW TRIAL, MOTION FOR — *heard month after judgment, record not showing date of filing, presumed filed out of time.* Where the record is silent as to the date of the filing of a motion for a new trial, and it appears that the motion was heard and passed on nearly a month after the rendition of the judgment, it will be presumed by this court that the motion was not made in time, and therefore the court below did not err in overruling it. *Hover v. Tenney,* 27 Kan. 133.

2. EVIDENCE EXAMINED — *and held to support findings and that findings not contradictory.* The special findings in this case are supported by the evidence and are not in conflict with each other.

Error from Butler District Court. Hon. C. A. Leland, Judge. Opinion filed January 5, 1897. *Affirmed.*

*B. R. Leydig,* for plaintiff in error.

*G. P. Aikman,* for defendant in error.

COLE, J. This action was brought by defendant in error for damages on account of injuries alleged to have been received through a defective sidewalk. There was a verdict and judgment against the City of El Dorado from which it brings the case here for review. Defendant in error insists that the record is not in such condition as will permit the alleged errors to be reviewed in this court. It appears from the record that the judgment in this case was rendered on the twentieth day of October, 1891, and a motion for a new trial was heard and overruled on the sixteenth day of November, 1891, but the record fails to show when said motion for a new trial was filed, nor does it appear for what reasons the motion for a new trial was refused. Under such circumstances it must be held that no error can be predicated upon the over-

ruling of the motion for a new trial.   *Hover v. Tenney*, 27 Kan. 133 ; *Brewing Association v. Wolff*, 53 id. 323.

It is, however, contended by counsel for plaintiff in error that the vital question in this case is whether a defect in a sidewalk, of the character developed by the testimony, of which the City had no actual notice is sufficient to constitute negligence on the part of the City, and render it liable for injuries sustained by reason thereof.   We have examined the testimony in connection with the special findings in this case and can see no reason for reversing the judgment of the lower court, even if all the questions presented by plaintiff in error were properly before us.   The special findings are not inconsistent with each other and are supported by the testimony, and we surely could not say as a matter of law that, where a patent defect like the one shown to have existed in this case for eight days or more causes a personal injury, the corporation is not liable for the same.   Nor does the fact that the evidence discloses that the defendant in error passed the defective portion of the sidewalk but a few hours prior to the accident and in daylight, conclusively establish contributory negligence.   The question of contributory negligence is one of fact for the jury and they have determined in this case against the plaintiff in error.

The judgment of the District Court is affirmed.